UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| AMANDINA PETION, </br></br> Petitioner, </br></br> v. </br></br> PATRICIA HYDE, </br>*New England Field Office Director,* </br>*U.S. Immigration &* </br>*Customs Enforcement*, et al., </br></br> Respondents. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) 2:25-cv-00535-SDN </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This case comes before the Court following Petitioner Amandina Petion's October 23, 2025, verified petition for a writ of habeas corpus seeking immediate release or a bond hearing on her detention. ECF No. 1.

## I. Facts[1]

Ms. Petion is a citizen of Haiti who presented herself at the U.S. border at or near Brownsville, Texas, on March 10, 2023. *See* ECF No. 4-1 at 1 (Notice to Appear).[2] That same day, U.S. Customs and Border Protection ("CBP") initiated removal proceedings against her and issued her a Notice to Appear in immigration court on April 25, 2023. *Id*. She subsequently was released on her own recognizance,[3] *see* ECF No. 4 at 2, and currently resides in Milford, Massachusetts, ECF No. 1 at 1. She has a pending petition for asylum. *Id*.

---

[1] These facts are derived from Ms. Petion's verified petition, the parties' filings and exhibits, and counsels' presentations at the November 3, 2025, oral argument.

[2] The Notice to Appear checked the box which indicated that Ms. Petion is "a[] [noncitizen] present in the United States who has not been admitted or paroled." ECF No. 4-1 at 1.

[3] The conditions of her release are unknown. *See* ECF No. 4 at 2–3.

1

On September 25, 2025, Franklin, Massachusetts, police were dispatched to Ms. Petion's home for an alleged domestic disturbance. ECF No. 4-2 at 4. Upon arrival, police allegedly discovered that Ms. Petion was attempting to stop her husband from leaving the home by pushing him against the wall and pulling on his belt. *Id*. Police arrested Ms. Petion and charged her with assault and battery on a household member. *See* ECF No. 4-2 at 1; Mass. Gen. Laws ch. 265, § 13M(a) (2025). On September 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") issued an I-200 administrative arrest warrant for Ms. Petion, *see* ECF No. 4-4, and she was placed into ICE custody, *see* ECF No. 4 at 1. Also on September 26, 2025, the Wrentham, Massachusetts, District Court issued a warrant for Ms. Petion's arrest, presumably because she had failed to appear for her state court arraignment due to being in ICE custody. ECF No. 1 at 1. She currently is detained in ICE custody at Cumberland County Jail in Maine.[4] ECF No. 4 at 1.

On October 23, 2025, Ms. Petion filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1 at 13. The same day, I issued a show cause order requiring Respondents to explain why Ms. Petion's detention was not unlawful. ECF No. 3. I also enjoined Respondents from transferring her outside the District of Maine except to attend any criminal proceedings in Massachusetts. *Id*. at 2. To date, it does not appear that Ms. Petion has attended any hearings in her state criminal matter, and she has not been arraigned.

---

[4] Because Ms. Petion currently is detained in Maine, I find that this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement."). And although 8 U.S.C. § 1252(b)(9) limits judicial review in immigration proceedings, it "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation modified).

In her verified petition, Ms. Petion raises several arguments as to why her detention is unlawful, but there are two primary considerations that the Court must address today. First, she contends that she is subject to discretionary detention under 8 U.S.C. § 1226(a), which would entitle her to a bond hearing, rather than mandatory detention under 8 U.S.C. § 1225(b). *See* ECF No. 1 at 2–3. Second, in her Petition, Ms. Petion requested that this Court issue an order of transportation to require ICE to bring her to Massachusetts to attend to her state criminal case. *See id*. at 7–10. However, at the hearing on the Petition held on November 3, 2025, she amended that request through counsel and now requests a declaration form this Court that she *cannot* make such a request and that such a request can be made only by the prosecuting state sovereign.

## II.   Discussion

### A. Applicability of Section 1226(a)

For the reasons this Court has previously found, 8 U.S.C. § 1226(a) applies to Ms. Petion's detention. *See Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5–9 (D. Me. Sept. 22, 2025). Ms. Petion is a noncitizen who has resided in the United States continuously for more than two years,[5] and has heretofore been treated by Respondents as subject to section 1226(a), as evidenced by her release on an order of her own recognizance and the subsequent issuance of an I-200 arrest warrant under section 1226(a).[6] *See* ECF Nos. 4 at 2, 4-4 at 1. "Having elected to proceed with full removal

---

[5] *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (permitting expedited removal of noncitizens who, inter alia, "ha[ve] *not* affirmatively shown, to the satisfaction of an immigration officer, that the [noncitizens have] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility" (emphasis added)).

[6] As Respondents noted at the hearing, the Government could have released Ms. Petion on humanitarian parole, if they believe she qualified and they so desired, which would have entitled Respondents to revoke that parole at any time. *See* 8 U.S.C. § 1182(d)(5)(A); *De Andrade v. Moniz*, No. 25-CV-12455, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) ("Congress provided a mechanism for paroling applicants for

proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited removal proceedings." *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025). Because Ms. Petion was arrested on a warrant and ordered detained subject to section 1226, she remains subject to section 1226(a)'s discretionary detention framework.[7]

Further, because Ms. Petion is unlawfully detained, her continued detention without a bond hearing before an Immigration Judge applying the standards of section 1226(a) violates her constitutional due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation modified)); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–28 (1st Cir. 2021) (applying *Mathews* to a noncitizen's detention under section 1226(a)); *Chogllo Chafla*, 2025 WL 2688541, at *9–11 (applying the *Mathews* factors and finding that continued detention absent procedural safeguards violates due process); *Bermeo Sicha v. Bernal*, No. 25-CV-00418, 2025 WL 2494530, at *5–6 (D. Me. Aug. 29, 2025) (collecting cases requiring a bond re-determination hearing before revocation if petitioner is re-detained).

The fact that Ms. Petion was arrested on state criminal charges does not automatically constitute a change in conditions such that she may be automatically re-detained. *See* 8 C.F.R. § 236.1(c)(8) (2025) (providing the standard immigration officers must apply to revoke bond); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal.

---

admission into the United States without changing their status. *See* 8 U.S.C. § 1182(d)(5)(A). The government elected not to use that mechanism. It cannot now turn back the clock, and neither can the Court.").

[7] 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, provides for mandatory detention of noncitizens who have been convicted of or arrested for certain enumerated criminal acts. *See* 8 U.S.C. § 1226(c)(1)(E)(ii). The parties agree that the charge for which Ms. Petion was arrested does not meet the prerequisites for mandatory detention under the Laken Riley Act. *See* ECF No. 4 at 5.

2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (noting the Department of Homeland Security "require[es] a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer"). Rather, the crux of the due process concern is whether Ms. Petion has been provided with notice and an opportunity to be heard on the alleged change of circumstances at a hearing where the Government carries the burden of justifying her re-detention. *See Hernandez-Lara*, 10 F.4th at 41 ("[W]e hold that, in order to continue detaining [petitioner] under section 1226(a), due process requires the government to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk."); *Valdez v. Joyce*, No. 25 Civ. 4627, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025) ("[O]ngoing detention of Petitioner with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process rights.").

Accordingly, I find the three factors articulated in *Mathews* used to determine if continued detention violates due process—the private interest at stake, the risk of erroneous deprivation, and the government's interest—each weigh in favor of Ms. Petion. *See Mathews*, 424 U.S. at 335. As established and explained in *Chogllo Chafla*, 2025 WL 2688541, and *Bermeo Sicha*, 2025 WL 2494530, the Petitioner's risk of erroneous deprivation is substantial, and the Government's interests do not outweigh the procedural safeguards due. Accordingly, Ms. Petion's due process rights have been violated by her continued detention without an opportunity to be heard.

### B. Writ of Habeas Corpus Ad Prosequendum

Although not explicitly styled as a writ of habeas corpus ad prosequendum, Ms. Petion requested in her Petition that this Court order ICE to transport her to the Commonwealth of Massachusetts to attend her state criminal hearings. *See* ECF No. 1 at 7–10. A writ of habeas corpus may be issued by a district court and extended to a petitioner if "[i]t is necessary to bring [them] into court to testify [ad testificandum] or for trial [ad prosequendum]." 28 U.S.C. § 2241(c)(5). The Court thus construes Ms. Petion's request in the Petition as seeking a writ ad prosequendum for the federal Respondents to transport her to Massachusetts for prosecution.

However, at the November 3, 2025, oral argument, Ms. Petion amended her request to seek a declaration from this Court that a writ of habeas corpus ad prosequendum may not be requested by the petitioner, but rather must be made by the prosecuting sovereign. She also requested that the Court find that the state—or, in this instance, the Commonwealth—must bear the cost of transporting the petitioner to and from federal custody.

Other courts have generally construed section 2241(c)(5) as requiring the state prosecuting authority to seek the writ, rather than the defendant doing so. *See Malool v. Castro*, No. 25-CV-11222, 2025 WL 1424434, at *3 (D. Mass. May 16, 2025) ("'[S]uch an application [for writ of habeas corpus ad testificandum] may be made directly to the federal court' but 'it is not desirable' to be made on behalf of the defendant as opposed to 'on behalf of the Delaware Attorney General's office[.]'") (quoting *Curran v. United States*, 332 F. Supp. 259, 261–62 & n.1 (D. Del. 1971))); *Cortez Rivera v. Hyde*, No. 1:25-CV-12390, 2025 WL 2977900, at *3 (D. Mass. Oct. 22, 2025) ("At this juncture, the court has no such request from the state prosecutor. But if the Commonwealth of Massachusetts

6

seeks to prosecute Cortez Rivera and ICE continues to ignore the state court's writ, the prosecutor may seek relief from this court."). Massachusetts's Supreme Judicial Court has also held that the Commonwealth may be expected to incur the costs of transportation to and from federal custody for purposes of a state prosecution, although it is not always required to do so. *See Commonwealth v. McGrath*, 205 N.E.2d 710, 713 (Mass. 1965) ("Thus, by reason of the consent given by the United States, the Commonwealth, subject to the payment of the necessary costs, is now in a position to bring the defendant to trial."). Here, however, the Court has not received a request from the Commonwealth to prosecute Ms. Petion, and thus no writ of habeas corpus ad prosequendum may issue at this time.[8]

### III. Conclusion

Accordingly, I **GRANT** the Petitioner's habeas petition, ECF No. 1, and **ORDER** her released between 8 a.m. and 10 a.m. on November 4, 2025, subject to the conditions outlined in the next paragraph. I **ORDER** that she receive an individual bond hearing pursuant to section 1226(a). The Government is enjoined from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner and the Government shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) no fewer than 10 days and no more than 14 days from the date of the Order in this case. The Government is **ORDERED** to file a status report within five days of Petitioner's bond hearing, stating whether the Petitioner has been granted bond, and, if her request for bond was denied, the reasons for that denial.

---

[8] To the extent Ms. Petion argues that ICE's refusal to transport her to Massachusetts violates the Supremacy Clause or her constitutional right to a speedy trial, the Court finds those arguments unavailing. *See* ECF No. 1 at 7–10.

7

I further **ORDER** that upon her release from Cumberland County Jail, Petitioner must proceed immediately to Wrentham District Court in Massachusetts to attend to her outstanding warrant and related state criminal matters. I **ORDER** that she have no contact with the alleged victim in that case pending a decision by state authorities concerning further contact with the victim and any future potential conditions of release, or dismissal of all related criminal or civil matters. Petitioner is **ORDERED** to comply with all current and future immigration or ICE conditions of release and to attend all immigration hearings.

**SO ORDERED.**

Dated this 3rd day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**